to sustain the charge of a criminal offense there must be proof of (1) the corpus delicti; and (2) proof that the accused committed the offense charged against him. Circumstantial evidence which is as consistent with the absence of a crime as it is with its perpetration, or which may be reconciled with the presumption of innocence, is not sufficient to prove corpus delicti. It is also the rule that circumstantial evidence which creates only a suspicion is insufficient to establish guilt. Witt v. Commonwealth, 305 Ky. 31, 202 S.W.2d 612; Fyffe v. Commonwealth, 301 Ky. 165, 190 S.W.2d 674; Denham v. Commonwealth, 239 Ky. 771, 40 S.W.2d 384; Roberson's New Kentucky Criminal Law & Procedure, Sections 1778 and 1779.

The evidence in this case fails to prove the corpus delicti and does no more than create a suspicion of Alexander's guilt. Therefore, he was entitled to a directed verdict at the close of the Commonwealth's evidence.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.

for the willful murder of Tommie McCluskey. Alexander was tried first and sentenced to 10 years in prison. Burbridge was sentenced to prison for five years. The appeals were considered together in this Court. The evidence in both cases is practically the same, so it will be unnecessary to review the evidence in this case. See Alexander v. Commonwealth, Ky., 277 S.W.2d 17, for a statement of the evidence.

Burbridge argues that he was entitled to a directed verdict. Since the evidence was insufficient to justify submitting Alexander's case to the jury, it follows that it was insufficient to justify the submission of Burbridge's case. For the reasons stated in Alexander v. Commonwealth, the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.

---

**Richard BURBRIDGE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 25, 1955.

James A. Crumlin, Louisville, Louis P. McHenry, Hopkinsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Justice.

The appellant, Richard Burbridge, was indicted jointly with Willard Alexander

**L. R. CURTIS, Judge, Appellant,**

v.

**Bertram VAN ARSDALE, County Judge, et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1955.

